

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-17-2006

# USA v. Bowley

Precedential or Non-Precedential: Precedential

Docket No. 05-3460

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Bowley" (2006). *2006 Decisions.* Paper 1500.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1500

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-3460

UNITED STATES OF AMERICA,
Appellant

v.

GARY BOWLEY

Appeal from the United States District Court
of the Virgin Islands
(Crim. No. 04-cr-00169-1)
District Judge: Hon. Raymond L. Finch, Chief Judge

Argued: December 8, 2005

Before: SCIRICA, <u>Chief Judge</u>, McKEE, <u>Circuit Judge</u>,
and NYGAARD, <u>Senior Circuit Judge</u>

**ORDER AMENDING OPINION**

**IT IS HEREBY ORDERED** that the slip opinion filed in this case on January 26,

2006, be amended as follows:

On pages 5 and 6, delete the following paragraph:

However, since the crime the VIPD officers initially arrested Bowley for
(illegal reentry in violation of 8 U.S.C. § 1326(a), (b)(2)) is a
misdemeanor, the district court held that Bowley's arrest was unlawful.
Virgin Islands police can only arrest for a misdemeanor when the crime is
committed in their presence. *See* 5 V.I.C. § 3562. The district court ruled
that "[i]llegal reentry is not a continuing violation, but is completed at the
time of entry . . . or when an alien has reached a place of repose within the
country." App. 7. Accordingly, Bowley had not violated 8 U.S.C. §
1326(a), (b)(2) in the police officers' presence, and the court therefore
concluded that the police officers lacked statutory authority to arrest him.

1

and replace it with

> However, since the crime the VIPD officers initially arrested Bowley for
> (illegal entry in violation of 8 U.S.C. § 1325) is a misdemeanor, the district
> court held that Bowley's arrest was unlawful. Virgin Islands police can
> only arrest for a misdemeanor when the crime is committed in their
> presence. *See* 5 V.I.C. § 3562. The district court ruled that "[i]llegal entry
> is not a continuing violation, but is completed at the time of entry . . . or
> when an alien has reached a place of repose within the country." App. 7.
> Accordingly, Bowley had not violated 8 U.S.C. § 1325 in the police
> officers' presence, and the court therefore concluded that the police officers
> lacked statutory authority to arrest him.


BY THE COURT:


 /s/ Theodore A. McKee
Circuit Judge


Dated:     February 17, 2006

2